**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:23-CR-31 (OAW) |
| | : | |
| CARL JONES, | : | |
| *Defendant.* | : | |

**RULING ON MOTION TO DISMISS**

The Superseding Indictment charges Defendant Carl Jones ("Defendant" or "Mr. Jones") with unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), ECF No. 55.[1] Defendant has filed a motion to dismiss that charge, ECF No. 50.[2] For the reasons that follow, the Motion is **DENIED.**

**I.   PROCEDURAL FACTS**

An arrest warrant for Mr. Jones issued on February 2, 2023. He was arrested eleven days later (on February 13, 2023), and Magistrate Judge Robert A. Richardson held an initial appearance and detention hearing that same day, ECF No. 6, ordering him detained, ECF No. 10. Defendant was indicted on February 16, 2023, and charged with possession of ammunition by a convicted felon, in violation of Title 18 of the United States Code, Sections 922(g)(l) and 924(a)(2). ECF No. 11.[3]

---

[1] The Superseding Indictment added possession of a firearm to the original Indictment (charging only unlawful possession of ammunition), see ECF No. 11.

[2] Because the defendant's arguments apply equally to the charge as to both the ammunition and the firearm, the court addresses his arguments as to the subsequently-filed charging document. *See* Motion to Dismiss ECF No. 50-1 at 1 n.1 (acknowledging that his arguments with respect to the ammunition charge would not be affected by a superseding charge adding possession of the firearm).

[3] The Indictment lists the following prior felony offenses: Larceny in the Third Degree (1998), Larceny in the Third Degree (2001), Possession of Narcotics (2003), Failure to Appear in the First Degree (2004), Possession of Narcotics (2005), Possession of Narcotics (2007), Assault in the First Degree (2009), and Possession with Intent to Sell Narcotics (2020). ECF No. 11 at 1—2 ¶ 1.

1

On March 29, 2023, the parties submitted their status report (after the court granted their request for an extension of time within which to do so).  The court entered a scheduling order reaffirming the originally-set jury selection date of May 18, 2023 (at the parties' request).  *See* ECF No. 23.

On May 8, 2023, the defendant filed a notice of his intent to assert a defense that his possession of the ammunition at issue was justified "based on necessity and self-defense and defense-of-others."  ECF No. 32 at 1.

On May 15, 2023, the court granted the government's motion to continue and reset jury selection to July 20, 2023.  ECF No. 45.

On June 7, 2023, the defendant filed the within Motion to Dismiss.  ECF No. 50.  On June 11, 2023, the court granted an additional extension and continued jury selection to August 17, 2023, ECF No. 53, based on an extended briefing schedule in connection with the Motion to Dismiss and an anticipated superseding indictment.  On June 15, 2023, a Superseding Indictment was returned and it added unlawful possession of a firearm to the original charge.  ECF No. 55.

On June 29, 2023, the government (citing defense counsel's actual or potential conflict of interest) filed a Motion for a Hearing Pursuant to *United States v. Curcio*[4].  ECF No. 57.  On July 7, 2023, the court granted the government's motion, appointed additional counsel to represent Mr. Jones at the hearing, and set the proceeding for July 26, 2023.  ECF No. 59.[5]  After conducting the *Curcio* hearing and the requisite examination of the defendant, the court found a potential conflict to exist but found that it was waivable, and

---

[4] 680 F.2d 881 (2d Cir. 1982).
[5] On that date, the government filed its opposition to the within Motion to Dismiss.  ECF No. 58.

2

accepted Mr. Jones's knowing and voluntary waiver thereof (permitting continued representation by his attorney, Jonathan Einhorn).  ECF No. 67.[6]

## II.   STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b), a defendant may raise "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).  The United States Court of Appeals for the Second Circuit has recognized that "a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute."  *United States v. Aleynikov*, 676 F.3d 71, 75—76 (2d Cir. 2012).  As such, the case may be determined based "'solely upon issues of law.'"  *United States v. Patterson*, 2023 WL 348970, at *1 (D. Conn. Jan. 20, 2023) (quoting *United States v. Was*, 684 F. Supp. 350, 351 (D. Conn. 1988), *aff'd*, 869 F.2d 34 (2d Cir. 1989)).  In ruling on such a motion, the "court views the indictment as a whole and assumes its factual allegations to be true."  *United States v. Litvak*, No. 3:13-cr-19 (JCH), 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952)).

According to Federal Rule of Criminal Procedure 7(c)(1), an "indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged …."  Fed. R. Crim. P. 7(c)(1).  The Second Circuit has recognized that "[a]n indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second,

---

[6] Having considered numerous potential scenarios that included the potential that he might be summoned by the government as a trial witness, Attorney Einhorn joined in the desire to remain as defense counsel for Mr. Jones through any such trial.

3

enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  The "indictment need 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'"  *Id.* (quoting *United States v. Pirro,* 212 F.3d 86, 92 (2d Cir. 2000)); *see also United States v. Willis*, 14 F.4th 170, 187 n.7 (2d Cir. 2021) (upholding superseding indictment that tracked statutory language of section 922(g)(1)).  While the "court must dismiss an indictment that fails to state an offense[,]" *United States v. Patterson*, 2023 WL 348970, at *1 (D. Conn. Jan. 20, 2023) (citing *Pirro*, 212 F.3d at 92–93; Fed. R. Crim. P. 12(b)(3)(B)(v)), "when such [an argument] raises dispositive evidentiary questions, a district court must defer resolving those questions until trial.'" *Id.* (quoting *United States v. Sampson*, 898 F.3d 270, 279 (2d. Cir. 2018) (internal quotation marks omitted)).

**III.   DISCUSSION**

**A. SUFFICIENCY OF INDICTMENT AND JUSTIFICATION DEFENSE**

The defendant notes the availability of the justification defense in this case and argues that the requirements of that defense are met.  ECF No. 50-1 at 3.  Specifically, Mr. Jones states that he was in fear of serious injury (as evidenced by the video surveillance footage of the underlying nightclub shooting) and that "there is no basis to conclude that, in attending the event he disregarded a risk to his safety that he knew or ought to have known of a shooter: there was no inkling of the coming gunfight."  ECF No. 50-1 at 4.  In light of the circumstances of the shooting and "chaos of the moment",

Defendant argues that he was left with no alternative but to possess the subject weapon and ammunition. *Id.* He further argues that his "defense of others" also provides adequate justification for his actions. *Id.* at 4—5 (citing Model Penal Code § 3.05(1)(b)). Finally, he notes that he was not required to take an alternative course of action. *Id.* at 5—6.

The government argues in opposition that the defendant's assertion of a justification defense, while permissible, presents an issue for trial and is not a basis for dismissal of the charges against him at this stage of the case. ECF No. 58 at 1. The government points out that rather than identifying any defects in the indictment, the defendant requests that the court "credit his version of the facts, accept his justification defense, and enter summary judgment in his favor—a form of relief that is not available in criminal cases." *Id.* at 1—2. According to the government,

> the charges here arise out of an incident at a Hartford nightclub where, in response to an initial shooting, the defendant chased down and fired several rounds of his own at the shooter, who was caught in a bottleneck with numerous other patrons as they all scrambled for the club's exit. After firing at the shooter, the defendant fled in the other direction and left the club through a separate exit, still carrying his firearm. These events were captured on security cameras.

*Id.* at 2—3.

The Superseding Indictment charges a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for "any person … who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce[] any firearm or ammunition …." In addition to identifying the defendant's prior offenses, the charging document alleges that,

> On or about February 16, 2020, in the District of Connecticut, the defendant … having been, and knowing that he had been, previously convicted in the

>Superior Court of the State of Connecticut of a crime punishable by a term of imprisonment exceeding one year [then listing said convictions] … did knowingly possess a firearm, namely, a Glock, Model 27 Gen 4, .40 caliber semi-automatic pistol … and ammunition …, all of which had been shipped and transported in interstate and foreign commerce.
>
>In violation of Title 18, United States Code, Sections 922(g)(1) and 942(a)(2).

ECF No. 55 at 1—2.  As the government notes, the Superseding Indictment properly tracks the statutory requirements of the offense and the defendant has failed to identify a defect in that charging document.  *See United States v. Avenatti*, 432 F. Supp. 3d 354, 362 (S.D.N.Y. 2020) (noting "the Second Circuit remarked that 'it is difficult to understand how an indictment that tracks the exact language of the statute, and that expressly charges that the defendant violated it, fails on its face to charge that the defendant committed a federal crime.'" (quoting *United States v. Balde*, 943 F.3d 73, 90 (2d Cir. 2019) (emphasis omitted)).

With respect to the defense of justification, the Second Circuit "[has] not definitively recognized the existence of a necessity defense to a charge under 18 U.S.C. § 922(g)(1)." *United States v. White*, 552 F.3d 240, 246 (2d Cir. 2009) (citing *United States v. Williams*, 389 F.3d 402, 404—05 (2d Cir.2004)).[7]  However, a motion to dismiss is not the proper

---

[7] To the extent such a defense is recognized, it requires
>(1) that the defendant or a third person was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law by taking possession of a weapon; and (4) that there was a direct causal relationship between the criminal action-possessing the weapon in violation of § 922(g)(1)-and the avoidance of the threatened harm. . . .  In addition, the defendant must establish that he did not maintain possession of the weapon at issue any longer than absolutely necessary.

*White*, 552 F.3d at 246.  The defendant notes that courts have "variously referred to this defense as a 'duress' defense . . . and a 'justification' defense."  ECF No. 50-1 at 3 n.2 (citing *United States v. Alston*, 295 Fed. Appx. 474, 476-77 (2d Cir. 2008)).  With respect to the defense of "duress", the Second Circuit has noted that,
>[t]hree discrete elements must be met to establish coercion or duress. These are: (1) a threat of force directed at the time of the defendant's conduct; (2) a threat sufficient to

mechanism for determination of that defense in this case.  Rather, it is the province of the jury to determine the factual issues underlying this defense and the defendant has failed to cite authority to the contrary.  See *United States v. Dodd*, 225 F.3d 340, 347 (3rd Cir. 2000) (a "defendant in a § 922(g) case bears the burden of proving a justification defense by a preponderance of the evidence"); *United States v. Deleveaux*, 205 F.3d 1292, 1299 (11th Cir. 2000) ("Because justification is an affirmative defense, the district court properly required [the defendant] to prove justification by a preponderance of the evidence.").  And while his counsel argues that "Mr. Jones's actions after seizing the pistol [ ] make clear his intent to protect others" through its possession, ECF No. 50-1 at 5, he fails to explain why the jury reasonably cannot find that his conduct clearly evinced intentional *retaliation* toward a fleeing shooter following the completion of a crime, while placing innocent others in just as much danger as did the shooter that Mr. Jones pursued.  This court finds that it is up to the jury to determine whether the video (if offered in evidence at trial) captured a situation that, as in *Alston*, "strongly precludes a justification defense . . . ." *United States v. Alston*, 295 Fed. Appx. at 477.

### B. SECOND AMENDMENT RIGHT

Defendant next asserts that the within prosecution violates his right under the Second Amendment to the United Stated Constitution.  ECF No. 50-1 at 6—28. Defendant cites the history of the Second Amendment and recent caselaw, including analysis of his right in the context of the within charge.  *Id.* at 6—28.

---

induce a well-founded fear of impending death or serious bodily injury; and (3) a lack of a reasonable opportunity to escape harm other than by engaging in the illegal activity.
*United States v. Hernandez*, 894 F.3d 496, 503 (2d Cir. 2018) (quoting *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005) (internal quotations omitted)); *see also United States v. Willis,* 38 F.3d 170, 179 (5th Cir.1994) ("Since a justification defense such as duress is an affirmative defense, the burden of proof is on the defendant.... To succeed, the defendant must prove each element of the defense by a preponderance of the evidence.").

In opposition, the government notes the defendant's citation to *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111 (2022), but points out that the *Bruen* decision and associated caselaw are inapposite to the facts of this case. ECF No. 58 at 2. The government acknowledges that Mr. Jones "is not precluded from pursuing a justification defense here, and his argument that the Court must accept that defense on a motion to dismiss seeks to usurp the role of the jury." *Id.* at 6.

As the government notes, the decision of the Supreme Court of the United States in *Bruen* addressed the constitutional propriety of a New York law requiring prospective gun owners to demonstrate "proper cause" before obtaining a license. 142 S. Ct. at 2122. The Court concluded that the law at issue was unconstitutional "[b]ecause the State of New York issues public-carry licenses only when an applicant demonstrates a special need for self-defense . . . ", *id.*, and that with respect to such laws "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 1230.[8]

Although the Second Circuit has yet to determine the impact of *Bruen* with respect to section 922(g)(1), prior authority has recognized the constitutionality of the statute. *United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013); *see also United States v. Perez*, 6 F.4th 448, 456 (2d Cir. 2021). Regardless, the defendant cannot support his argument that his Second Amendment right compels this court to usurp the jury's role and to accept his justification defense as a matter of law, before trial. The government does not seek to preclude the defendant from raising this defense (nor from presenting

---

[8] In a concurring opinion, Justice Kavanaugh reiterates the Court's statement in *D.C. v. Heller*, 554 U.S. 570 (2008), that "'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . .'" *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626—27).

evidence in support thereof) at trial. Thus, the request that the court determine this defense (and the outcome of this case) within its review of the present Motion is **DENIED.**

## IV. CONCLUSION

The defendant's Motion to Dismiss, ECF No. 50, is **DENIED.**

**IT IS SO ORDERED** this 28th day of July, 2023, at Hartford, Connecticut.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
