**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 3:23-CR-31 (OAW) |
| | : |
| CARL JONES | : |

## **MEMORANDUM**

Upon the government resting its case on August 23, 2023, *see* ECF No. 97, the defense raised two oral motions for judgment of acquittal (or directed verdict)[1] pursuant to Federal Rule of Criminal Procedure 29(a), *see* ECF No. 96, arguing, respectively, that the evidence presented by the government was legally insufficient to prove the charged crime beyond a reasonable doubt and that the statute under which the defendant was charged violates the Second Amendment. The defense asked the court to defer judgment on each motion until the jury had rendered a verdict. When the jury returned a guilty verdict on August 24, 2023, *see* ECF No. 100, the defense renewed each argument via a third oral motion for judgment of acquittal, pursuant to Rule 29(c), *see* ECF No. 99.

"Rule 29 permits a trial court to set aside a jury's guilty verdict if it determines the evidence was insufficient to sustain a conviction." *United States v. Mickens*, No. 20-258, 2021 WL 3136083, at *3 (2d Cir. July 26, 2021), cert. denied sub nom. *Hunter v. United States*, 142 S. Ct. 515 (2021), and cert. denied sub nom. *Cook v. United States*, 142 S. Ct. 612, (2021), and cert. denied, 142 S. Ct. 616 (2021). When reviewing a Rule 29

---

[1] Although the motions were characterized as seeking a judgment of acquittal and a directed verdict, as is still not uncommon in federal courts, the court construes them both as proceeding under Rule 29. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 573 (1977) (noting that Rule 29 replaced the directed-verdict mechanism with the judgment of acquittal).

1

motion, the court asks "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021), cert. denied sub nom. *Pierce v. United States*, 142 S. Ct. 2660 (2022) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

From the bench, the court denied one of the Rule 29(a) motions and a portion of the Rule 29(c) motion (insofar as they were based upon insufficiency of the evidence), concluding as further explained herein that that there was more than enough evidence adduced at trial for a rational juror to return a guilty verdict.  *See* ECF No. 100.

### **ELEMENTS OF THE CHARGED OFFENSE**

To sustain its burden of proving a violation of 18 U.S.C. § 922 (g)(1), the government had to satisfy the following elements:

(1) That Defendant Carl Jones was a felon;

(2) That Mr. Jones possessed a firearm and ammunition on February 16, 2020;

(3) That he knew of his felony record at the time of such possession; and

(4) That the firearm and ammunition had been transported in interstate commerce.

As to the first and third elements, Mr. Jones stipulated to his felony criminal record and to his knowledge thereof (on the date of the possession in question), at ECF No. 93. He also stipulated at ECF No. 95 that the firearm and ammunition in question had traveled through interstate commerce, and that they satisfied the statutory definitions thereof.  And

while there was no formal stipulation as to the possession of the firearm and ammunition, the jury was presented with uncontroverted evidence of the same (as it is defined at law).

Video of the incident was introduced by the government without objection; it clearly showed Mr. Jones in control of the firearm and ammunition, and it was presented to the jury multiple times, showing surveillance footage taken from several different angles. Special Agent Genaro Medina of the Federal Bureau of Investigation testified about the agency's efforts to allow viewers to focus on significant portions of the video; through him, the government presented one continuous video offering a seamless depiction of the incident, with certain details highlighted (such as firearms and persons of interest). Together, the videos clearly depicted the events leading up to the shooting incident, and they clearly showed the defendant in possession of the firearm and ammunition. The jury heard testimony from Detective Frank Verrengia of the Hartford Police Department that Hartford detectives confirmed the defendant's identity as shown in the surveillance video. Special Agent Medina also explained that the federal grand jury system was used to identify individuals depicted in the videos.

Moreover, Mr. Jones never contested (neither through testimonial nor through any other evidence) that it was he in the videos holding and discharging the firearm. Indeed, in defense counsel's opening remarks and closing statement, he explicitly stated that the defendant picked up the weapon and fired it. This is more than enough to establish beyond a reasonable doubt the one element in dispute (and thus, the commission of the charged offense).

**ELEMENTS OF THE RAISED DEFENSE**

Defendant Carl Jones raised an affirmative defense of justification, arguing that his actions were necessary to defend himself and others.  The elements of this defense are:

(1) That there was a present threat of death or of serious bodily injury;

(2) That Mr. Jones did not negligently or recklessly bring about his need to commit the charged crime;

(3) That there was no reasonable alternative to breaking the law via such conduct;

(4) That his illegal possession was directly related to avoiding the threat of harm; and

(5) That he did not maintain possession any longer than was absolutely necessary.

Sufficient evidence was presented to convince the jury to reasonably find that the defendant's possession of the weapon and the ammunition was not justified.  Specifically, the government introduced evidence that the individual who presented the alleged unlawful, immediate threat of death or serious bodily injury already had put away the weapon he had used in the initial shooting, and was departing the premises when the defendant picked up a firearm to pursue that initial shooter.  With respect to the element requiring that the defendant neither negligently nor recklessly placed himself in the position where he would have to commit a crime, the government offered that the defendant had the opportunity to remove himself from the location of the dispute both before and after it became violent.  It also noted that the police response was quick, and that there already was a police presence outside the premises before the initial shooting.

And even if the jury was not convinced by this evidence, the defendant presented no evidence whatsoever that he possessed the weapon no longer than was necessary. The surveillance footage clearly showed that the defendant retained custody of the weapon through the time that he left the premises, and there was no evidence indicating when he finally relinquished its possession. The only evidence tangentially related to this essential element was testimony that the weapon was not recovered from the immediate vicinity of the shooting on the night in question, and that it was recovered from a vehicle (during a drug investigation) over eighteen months later, and at least a mile away from where the shooting took place. This omission of this evidence, alone, is a sufficient basis upon which a rational juror could have rejected the justification defense. Accordingly, the court finds that the evidence adduced at trial was more than adequate to support the jury's guilty verdict, and both of Defendant's motions for judgment of acquittal are denied (insofar as they argue there was insufficient evidence to support the conviction).

With respect to the arguments claiming support from the Second Amendment, defense counsel asked for additional time in which to aggregate case law and to fully brief the issue (when so prompted by the court), and the court granted counsel's request. Accordingly, the court defers ruling upon this issue. Defendant shall file his supplemental brief on or before **September 8, 2023.** The government may file a response on or before **September 22, 2023.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 25th day of August, 2023.

                                                    /s/
                                    OMAR A. WILLIAMS
                                    UNITED STATES DISTRICT JUDGE