UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 3:23-CR-31 (OAW) |
| : | |
| CARL JONES : | |

### RULING DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL

**THIS ACTION** is before the court upon the motions for judgment of acquittal ("Motions") made orally by Defendant's counsel at trial and briefed thereafter. *See* ECF Nos. 96 and 99. The court has reviewed Defendant's memorandum in support of the motions, ECF No. 111,[1] the government's response and notice of additional authority, ECF Nos. 112 and 113, and the record in this matter, and is fully apprised in the premises. For the reasons stated herein, the Motions hereby are **DENIED.**

Defendant was charged in a one-count superseding indictment with unlawfully possessing a firearm and ammunition knowing he had been convicted of a felony, a violation of 18 U.S.C. 922(g)(1). ECF No. 55. He elected to exercise his constitutional right to a trial before a jury, which trial was held August 21–23, 2023. ECF Nos. 91, 97, and 100. On the second day of trial, the government rested its case, *see* ECF No. 97, and the defense raised two oral motions for judgment of acquittal (or directed verdict)[2] pursuant to Federal Rule of Criminal Procedure 29(a), *see* ECF No. 96–97, arguing,

---

[1] Defendant filed a consent motion for an extension of time to file his supporting memorandum. ECF No. 110. The court accepts the memorandum filed on September 19, 2023, as timely, and grants the motion for extension of time.

[2] Although the motions were characterized as seeking a judgment of acquittal and a directed verdict, as is still not uncommon in federal courts, the court construes them both as proceeding under Rule 29. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 573 (1977) (noting that Rule 29 replaced the directed-verdict mechanism with the judgment of acquittal).

1

respectively, that the evidence presented by the government was legally insufficient to prove the charged crime beyond a reasonable doubt, and that the statute under which the defendant was charged is unconstitutional under the Second Amendment.  The defense asked the court to defer judgment on each motion until the jury had rendered a verdict, which request the court granted.  After the jury returned a guilty verdict, *see* ECF No. 100, the defense renewed each argument via a third oral motion for judgment of acquittal pursuant to Rule 29(c), *see* ECF No. 99.  From the bench, the court denied one of the Rule 29(a) motions and a portion of the Rule 29(c) motion (insofar as they were based upon insufficiency of the evidence), concluding that there was more than enough evidence adduced at trial for a rational juror to return a guilty verdict.  *See* ECF No. 100.  The court also documented that ruling in a memorandum.  ECF No. 106.  Per the defense's request, the court deferred ruling upon the constitutional question until the parties had briefed it more fulsomely.[3]

"Rule 29 permits a trial court to set aside a jury's guilty verdict if it determines the evidence was insufficient to sustain a conviction."  *United States v. Mickens*, No. 20-258, 2021 WL 3136083, at *3 (2d Cir. July 26, 2021), cert. denied sub nom. *Hunter v. United States*, 142 S. Ct. 515 (2021), and cert. denied sub nom. *Cook v. United States*, 142 S. Ct. 612, (2021), and cert. denied, 142 S. Ct. 616 (2021).  When reviewing a Rule 29 motion, the court asks "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

---

[3] An unrelated procedural issue delayed the court's disposition of the Motions while this action was referred to the Honorable Victor A. Bolden.  That issue has been resolved and the Motions are ripe for review.

crime beyond a reasonable doubt." *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021), cert. denied sub nom. *Pierce v. United States*, 142 S. Ct. 2660 (2022) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

Defendant argues that a recent ruling from the Supreme Court of the United States, *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022), clarifies the inquiry for Second Amendment challenges such that Section 922(g)(1) must be unconstitutional.[4] The government responds (1) that the Motions are procedurally improper because a defendant cannot bring a constitutional challenge to a statute of conviction under Rule 29, which only looks to the sufficiency of the evidence adduced at trial, and (2) that nothing in *Bruen* strikes down Section 922(g)(1).

Turning first to the procedural argument, it is true that some district courts have declined to entertain constitutional challenges in a Rule 29 motion, and that the United States Court of Appeals for the Second Circuit has not addressed this question squarely. However, the court notes that there is not a consistent approach to this issue amongst district courts, *compare United States v. Kelly*, 609 F. Supp. 3d 85, 138 (E.D.N.Y. 2022) (noting that constitutional challenges do not address the sufficiency of the evidence presented at trial, and therefore should not be brought in a Rule 29 motion); *United States v. Barret*, No. 10-CR-809 (S-4) KAM, 2012 WL 3229291, at *20 (E.D.N.Y. Aug. 6, 2012), aff'd, 677 F. App'x 21 (2d Cir. 2017) (noting that constitutional challenges are not properly

---

[4] Defendant made a nearly identical argument in a motion to dismiss the charge against him, ECF No. 50, though that motion clearly argued that the statute was unconstitutional as applied to Mr. Jones's presence in a crowded nightclub where an individual had opened fire, when Mr. Jones had reason to defend himself and others. This argument presumed the predicate fact that Mr. Jones's possession of the loaded weapon was justified, and the court declined to usurp the jury's role as factfinder. Consequently, the court rejected that argument. ECF No. 68.

3

brought in a Rule 29 motion) *with United States v. Nagi*, 254 F. Supp. 3d 548, 564 (W.D.N.Y. 2017) (addressing a constitutional challenge in a Rule 29 motion); *United States v. Ng*, No. 18-CR-538 (MKB), 2022 WL 1062704, at *9 (E.D.N.Y. Apr. 8, 2022) (rejecting a constitutional challenge in a Rule 29 motion, stating that the "statute is not unconstitutionally vague as applied to this conduct."), and there is case law in which the Second Circuit has seemed to approve, though implicitly, of this use of Rule 29, *see United States v. Franklyn*, 157 F.3d 90, 92 (2d Cir. 1998) (reviewing an appeal from a Rule 29 motion arguing that the statute of conviction was unconstitutional); *United States v. Idowu*, 74 F.3d 387, 392 (2d Cir. 1996) (reviewing the district court's rejection of a double jeopardy argument in a Rule 29 motion). Therefore, the government's offered support as to its first argument is not dispositive.

However, the court agrees with the government's substantive argument. In *Bruen*, the Supreme Court of the United States struck down a New York law that required prospective gun owners to demonstrate some special need for self-defense before obtaining a license ("proper cause"). 597 U.S. at 8–11. In so doing, the Supreme Court rejected the two-step analysis that many courts of appeals had employed when reviewing the constitutionality of state gun restrictions, instead holding that where a regulation restricts conduct that is covered by the Second Amendment's plain text, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.

Although the Second Circuit has yet to determine the impact of *Bruen* with respect to Section 922(g)(1), prior authority has recognized the constitutionality of the statute.

4

*United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013). Defendant argues, however, that *Bogle* cannot survive *Bruen* because the government can point to no historical support for an absolute prohibition against felons possessing firearms.

The court disagrees.

In the first instance, it is doubtful that the Supreme Court would have invalidated a statute by implication, particularly one that has been used so long and so widely as Section 922(g)(1) has. Indeed, it seems that when the Court has given Section 922(g)(1) any specific attention, it has tended to *affirm* its validity. *See, e.g. D.C. v. Heller,* 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) (repeating the assurances of *Heller* and stating that their prescribed analysis "does not imperil every law regulating firearms."). Indeed, it is difficult to see *Bruen* as a departure from precedent, particularly given its adherence to principles from *Heller* and *McDonald*. *See Bruen,* 717 F.3d at 10 (prefacing the Court's holding by stating that it is "consistent with *Heller* and *Mcdonald* . . . .").

Moreover, Defendant's reading of *Bruen* is overly broad. The Court began by explaining that it only intended to target "may issue" regulations (those "under which authorities have discretion to deny concealed-carry licenses even when the applicant satisfies the statutory criteria . . . ."). *Bruen*, 597 U.S. at 14. The Court contrasted these with "shall issue" laws, under which "authorities must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." *Id.*

5

at 13.  The Court noted that the vast majority of states are "shall issue" jurisdictions, but that a handful of states and the District of Columbia have similar "proper cause" requirements.  The Court did not discuss "shall issue" laws any further, and the holding was stated clearly and narrowly: "New York's *proper-cause requirement* violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 71 (emphasis added). The Court did not strike down New York's entire licensing scheme in altogether preventing regulation of firearms; it found only the *proper cause requirement* to be unconstitutional. As such, Section 922(g)(1), with its objective statutory criterion for gun ownership, is completely outside *Bruen's* reach, and consequently so is *Bogle*.

And although not of precedential value, the court finds the concurrences penned by Justices Alito and Kavanaugh to be persuasive on this point.  Justice Alito stated particularly that the "holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun."  *Id.* at 72.  And Justice Kavanaugh was even more explicit, emphasizing two points: first, that "the Court's decision does not affect the existing licensing regimes—known as "shall-issue" regimes—that are employed in 43 States," *Id.* at 79, and second, that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 81 (quoting *Heller*, 554 U.S. at 626–27).

Mr. Jones points out that the majority did not join in these clarifying remarks, but that does not necessarily indicate that the majority would conclude differently.[5]  Rather,

---

[5] It is notable, after all, that the three dissenting justices clearly expressed their agreement with Justice Kavanaugh that Section 922(g)(1) was not caught in *Bruen's* crosshairs.  *Bruen*, 597 U.S. at 129, ("Like

review of the opinion indicates that the concurrences were clarifying an implicit tenet of the majority opinion, and not departing from it.  Throughout the majority opinion, the Court was extremely specific and consistent in referring to the Second Amendment's protection of the right of a *law-abiding citizen* to possess firearms *for self defense.  See id.* at 9, 26, 29, 30, 31, 38, 60, 70, and 71.  The concurrences did not state anything in addition to or inconsistent with the majority opinion.  Thus, while the concurrences do not guide this court's analysis, they support the court's conclusion that *Bruen* does not disturb *Bogle*.

Defendant's facial challenge to the statute of his conviction therefore fails, and his as-applied challenge is no more persuasive.  Whether or not a convicted felon qualifies as "law-abiding," the jury unequivocally determined at trial that Mr. Jones was not using the weapon for self-defense.  ECF No. 104.  Thus, the court need not entertain the argument that even a felon retains certain Second Amendment protections in the defense of himself or others.

For all these reasons, the court rejects Defendant's assertion that his conviction was unlawful due to the unconstitutionality of the statute under which he was charged. The Motions are denied, and the Clerk of Court is instructed to enter judgment forthwith.

**IT IS SO ORDERED** at Hartford, Connecticut, this 4th day of March, 2024.

                                                    */s/*
                                           OMAR A. WILLIAMS
                                           UNITED STATES DISTRICT JUDGE

---

Justice KAVANAUGH, I understand the Court's opinion today to cast no doubt on that aspect of Heller's holding.").